Lynsey Ross (Bar No. 63788124)
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Ste 3200
Billings, MT 59101
(406) 247-4632
lynsey.ross@usdoj.gov

*Attorneys for United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re: | Case No. 9:23-bk-90135-BPH |
|---|---|
| **CENTER FOR ASBESTOS RELATED DISEASE, INC.** | (Subchapter V) |
| Debtor. | |

**UNITED STATES' COMBINED OBJECTION TO CONFIRMATION OF PROPOSED PLAN DATED NOVEMBER 6, 2023**

The United States, on behalf of its agencies the United States Department of Justice and the Department of Health & Human Services, objects to confirmation of Debtor's proposed Plan of Reorganization dated November 6, 2023 (ECF No. 43) ("Proposed Plan"). Debtor's Proposed Plan does not meet all requirements of 11 U.S.C. § 1129(a) applicable here pursuant to § 1191(a). For general background and information regarding the facts and procedural posture of this case, the United States refers to and incorporates the facts and arguments from DHHS's Motion to Dismiss, filed contemporaneously.

1. **Debtors' Proposed Plan cannot be confirmed because it was not proposed in good faith pursuant to 11 U.S.C. § 1129(a)(3).**

Debtor proposes plan payments that rely on the use of $20,000 a month for twelve months from its savings account. (ECF No. 43-3). Debtor has not shown that the money in the savings

account is property of the estate and available for plan payments. Debtor also projects non-grant costs in excess of the amount of projected non-grant funding, which impermissibly uses federal money which is not property of the estate for payment of non-approved expenses. Debtor also fails to account for all or substantially all of its real and personal property and account balances being held in trust for the United States. Accordingly, the Proposed Plan violates the terms of funding and federal grant laws and regulations and cannot be confirmed.

Additionally, the Proposed Plan creates two classes of unsecured creditors 15% of their unsecured claim regardless of whether the expense may be paid with grant money. While the United States does not have sufficient information to specifically identify which debts may be allowed under the terms of the grant, at least some of the Class 1 and Class 2 expenses may be able to be paid outside the plan. Proposing to pay any creditors 15% from non-grant money in the bankruptcy when a creditor could receive 100% from grant money is not a good faith proposal.

**2.     Debtor's Proposed Plan is not feasible and cannot be confirmed pursuant to 11 U.S.C. 1129(a)(11).**

For a plan to be feasible, Debtor must show a reasonable probability that the plan will succeed and is more than a "visionary scheme." *Wiersma v. Bank of the West (In re Wiersma)*, 227 Fed. Appx. 603 (9th Cir. 2007) (unpublished), citing *Acequia, Inc. v. Clinton (In re Acequia)*, 787 F.2d 1352, 1364 (9th Cir. 1986). "The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1384 (9th Cir. 1985), citing 5 COLLIER ON BANKRUPTCY ¶ 1129.02[11] at 1129–34 (15th ed. 1984).

The Proposed Plan demonstrates that Debtor projects payment of non-grant expenses far exceeding the projected non-grant income, which is neither allowable nor sustainable. The

Page **2** of **4**

9:23-bk-90135-BPH    Doc#: 68    Filed: 12/05/23    Page 2 of 4

projections do not support proposed plan payments purporting to pay creditor 15% of their outstanding debt over the plan term. The Proposed Plan does not provide sufficient non-grant income to make the projected payments, does not adequately trace and identify the non-grant income, and does not project an increase in non-grant income sufficient to carry the Debtor through the plan term.

The Proposed Plan also does not reorganize the Debtor such that it will be in a better position at the end of the bankruptcy such that it can pay its nondischargeable debt at the end of the Plan. *See Hamilton v. Elite of Los Angeles, Inc. (In re Hamilton)*, 803 Fed. Appx. 123 (9th Cir. 2020) (unpublished) (finding plan not proposed in good faith when, with other unresolved issues, ballooning nondischargeable debt could not be paid). Although the Proposed Plan does not need to ensure success, it must show more than a "promise, hope, or unsubstantiated prospect". *In re Claar Cellars LLC,* 623 B.R. 578, 595 (Bankr. E.D. Wash. 2021). Debtor's Proposed Plan fails to demonstrate this reasonable probability of success.

WHEREFORE, the United States respectfully requests the Court enter its Order denying confirmation Debtor's proposed Plan of Reorganization dated November 6, 2023 (ECF No. 43).

DATED: December 5, 2023.

        JESSE A. LASLOVICH
        UNITED STATES ATTORNEY

        /s/ Lynsey Ross
        Lynsey Ross
        Assistant U.S. Attorney
        Attorney for the United States

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify under penalty of perjury that on December 5, 2023, a copy of the foregoing was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following parties:

    None.

                                           /s/ Lynsey Ross
                                              Assistant U.S. Attorney
                                              Attorney for the United States