Christy L. Brandon (Bar No. 4833)
Brandon Law Firm, PLLC
P.O. Box 1544
Bigfork, MT  59911
(406) 837-5445
christy@brandonlawfirm.com
      Subchapter V Trustee

Lynsey Ross (Bar No. 63788124)
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Ste 3200
Billings, MT 59101
(406) 247-4632
lynsey.ross@usdoj.gov
      Attorneys for United States of America

Richard J. Samson (ID #1904)
Christian, Samson & Baskett, PLLC
Attorneys at Law
310 W. Spruce
Missoula, MT  59802
(406) 721-7772
rjs@CSBlawoffice.com
      Attorneys for BNSF Railway Company

James A. Patten (ID #1191)
Patten, Peterman, Bekkedahl & Green, PLLC
2817 2nd Avenue North, Ste. 300
P.O. Box 1239
Billings, MT 59103-1239
(406) 252-8500
apatten@ppbglaw.com
      Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **CENTER FOR ASBESTOS RELATED DISEASE, INC.,** | Case No. **9:23-bk-90135-BPH** |
| Debtor. | |

# STIPULATION

In this Chapter 11 subchapter V bankruptcy, the Debtor filed its "Plan of Reorganization for Small Business Under Chapter 11" on November 6, 2023 at ECF 43 (the "Plan") and the Court by Order filed November 8, 2023, at ECF 51 set a hearing on confirmation of the Plan for January 11, 2023. Objections to confirmation of the Plan were filed by BNSF Railway Company ("BNSF") and the Department of Health and Human Services Center ("DHHS") and joined by the United States Department of Justice. DHHS filed a Motion to Dismiss on December 5, 2023, at ECF 65.

Prior to this bankruptcy case filing, on July 18, 2023, the U.S. District Court entered an amended judgment under the False Claims Act in favor of the United States and against the Debtor in BNSF Railway Company, on behalf of the United States of America vs. Center for Asbestos Related Disease, Inc. in the United States District Court for the District of Montana, Missoula Division, under CV 19-40-M-DLC ("FCA Judgment"). Debtor appealed the FAC Judgment on July 20, 2023.

The parties stipulate and agree as follows:

1. In its Motion to Dismiss, DHHS alleged that all, or substantially all, of the Debtor's income and real and personal property is held in trust for the benefit of the United States to the extent it was purchased and maintained with federal grant money. The Debtor has a small amount of non-grant income which was commingled with grant income including a post-petition transfer into a debtor-in-possession bank account. This Stipulation for Dismissal is made with the intention of establishing as a fact that the bases for the DHHS Motion to Dismiss is accepted by the parties hereto.

2. Bankruptcy case to be dismissed pursuant to the terms of this Stipulation.

3.      Dismissal of this bankruptcy case has no preclusive effect on nondischargeability of the FCA Judgment in any future bankruptcy case.

4.      Administrative and professional fees and costs related to the bankruptcy are not allowable uses of federal grant money and are subject to disallowance by the granting agency. The Debtor acknowledges that it is subject to the reporting and use requirements of the grant and related agency administrative procedures.  All allowable bankruptcy-related fees and costs shall be paid solely from the Debtor's non-grant income.

5.      Any payment of post-petition professional fees will be subject to approval by the Bankruptcy Court pursuant to LBR 2016-1.

6.      Federal grant money and property held in trust for the benefit of the United States cannot be used to pay the FCA Judgment and/or related costs and expenses, including attorney fees and costs. The authorized uses of federal grant money are governed principally by: the DHHS grants regulations, at 45 C.F.R. Subtitle A, Subchapter A, Part 75 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements); the DHHS Grants Policy Statement; the DHHS Grants Policy Administration Manual; the rulings of the DHHS Departmental Appeals Board; Notices of Funding Opportunity; Notices of Award; Debtor's grant applications; Debtor's approved budgets; and DHHS authorizations of Debtor's expenses.

7.      Following dismissal, the Debtor can pay any creditors with  Non-Priority General Unsecured Claims from grant funds to the extent the claims are for authorized expenses under the terms of the grant and under the applicable DHHS grant regulations and guidance materials.

8.      This Stipulation is subject to bankruptcy court approval on CARD's motion.


WHEREFORE, the parties request the Court enter its Order approving this Stipulation

3

and its terms.

DATED March 13, 2024         /s/ Tracy McNew
                                    Tracy McNew, Director
                                    Center for Asbestos Related Disease, Inc., Debtor

DATED March 13, 2024         /s/ James A. Patten
                                    Attorney for Debtor

DATED March 13, 2024         /s/ Greg Bongiovanni
                                    Greg Bongiovanni, Agency Counsel
                                    Office of the General Counsel
                                    United States Department of Health & Human
                                    Services

DATED March 14, 2024         /s/ Lynsey Ross
                                    Attorney for United States Department of Health
                                    and Human Services

DATED March 14, 2024         /s/ Lynsey Ross
                                    Attorney for United States Department of Justice

DATED March 15, 2024         /s/ Chad M. Knight
                                    Chad M. Knight
                                    Its: Authorized Representative/Legal Counsel
                                    BNSF Railway Company

DATED March 14, 2024         /s/ Richard J. Samson
                                    Attorney for BNSF Railway Company

DATED March 14, 2024         /s/ Christy L. Brandon
                                    Subchapter V Trustee

4